[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on Plaintiff's claim for personal injuries received while at the Adult Correctional Institution. The injuries in question were inflicted by an unknown assailant. The Plaintiff brings this action pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1 et seq. hereinafter referred to as The Act.
The facts are not in dispute. The Plaintiff was assaulted with a dangerous weapon, i.e., a razor blade, on January 4, 1985, while an inmate at the Medium Security section of the Adult Correctional Institution (ACI). Plaintiff claims that he was unable to identify his assailant because the attack took place from behind. As a result of this attack, Plaintiff sustained various cuts on his back and face and scarring has occurred.
Therefore, the issue presented is clear. Is an inmate at the Adult Correctional Institution a "victim" within the meaning of The Act?
To state this Court's answer as simply and clearly as possible, an inmate at the Adult Correctional Institute is not a victim within the meaning of The Act.
This Court has already ruled on the issue in the case ofJohn Lawson v. State of Rhode Island (C.A. 85-4973). In ruling against the Plaintiff in that matter, Mr. Justice Pederzani held that:
 This Court feels strongly that the Act was not intended to compensate inmates of a criminal institution from assaults perpetrated by fellow inmates.
Furthermore, R.I.G.L. Section 12-25-3(d) states:
 In determining whether to render judgment for compensation or to issue an order approving a settlement as described above and the amount thereof the court and the treasurer may consider any circumstances it determines to be relevant, including the behavior of the victim which directly or indirectly contributed to his or her injury or death, unless such injury or death resulted from the victim's lawful attempt to prevent the commission of a crime or to apprehend an offender.
It is clear to this Court, that the Plaintiff contributed to his own injuries by his actions that led to his incarceration at the ACI. The intent of the Act is to compensate innocent victims of crime if compensation is otherwise unavailable and not those who, by their actions, have chosen to disregard the laws of Rhode Island and prey upon their fellow citizens.
For the foregoing reasons, the Court finds that the Plaintiff is precluded from compensation under The Act and accordingly the State's motion to dismiss is granted.